**In re Nicole Michelle SCHLUETER, former officer, director, shareholder of JXM Capital Holdings, Inc., Debtor.**

**Nicole Michelle Schlueter, Plaintiff–Appellant,**

v.

**State Farm Mutual Insurance Co., Defendant–Appellee.**

**BAP No. CO–07–101.
Bankruptcy No. 04–30280–MER.
Adversary No. 07–01008–MER.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

July 14, 2008.

Charles W. Lilley of Charles Lilley & Associates, P.C. (Holly A. Wilcox with him on the brief), Denver, CO, for Plaintiff–Appellant.

James L. Aab of Aab & Botts, LLC, Denver, CO, for Defendant–Appellee.

Before McFEELEY, Chief Judge, NUGENT, and CLARK[1], Bankruptcy Judges.

McFEELEY, Chief Judge.

Debtor/Plaintiff/Appellant Nicole Michelle Schlueter ("Debtor") appeals an order of the bankruptcy court for the District of Colorado which granted summary judgment to Appellee/Defendant State Farm. The Debtor argues that the bankruptcy court misapplied the law when it concluded that State Farm's claim was nondischargeable under 11 U.S.C. § 523(a)(3)(A) because although the claims bar date had passed, State Farm had actual knowledge of her bankruptcy in time to file a claim and receive a distribution. Alternatively, she argues that there was a disputed issue of fact concerning her knowledge of State Farm's claim so the criteria of § 523(a)(3) were not met. While we disagree with the Debtor's legal interpretation of § 523(a)(3)(A), we agree that the issue of her knowledge of State Farm's claim under § 523(a)(3) was a controverted fact that should have precluded summary judgment.[2]

---

1. Honorable Glen E. Clark, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Utah, sitting by designation.

2. Debtor's Motion to Supplement Appellant's Appendix, filed December 4, 2007, is HEREBY GRANTED.

## I. Background

On December 7, 2002, Debtor's boyfriend, ("Driver"), borrowed her car. Driver had an accident, making the car inoperable. The accident caused personal injuries to other individuals and property damage. The Debtor's insurance policy specifically excluded Driver. State Farm had insured at least one of those individuals, Wherda Utsey.

Some time later, State Farm sent a demand letter to Debtor to an address at which she no longer resided. Debtor stated that she never received the letter. State Farm also sent a letter to Driver who did receive it.

On August 25, 2003, a State Farm investigator (Investigator) called Debtor's cell phone. He spoke with Driver and Debtor. During that call, Debtor gave him her address and agreed to send the Investigator her policy information for the vehicle involved in the accident, which she subsequently did.

In September 2004, Debtor filed a petition under Chapter 7 of the Bankruptcy Code. She did not list State Farm as a creditor. On December 22, 2004, she received a general discharge. On April 27, 2005, the Trustee issued a Notice of Possible Dividends to listed creditors based on a nonexempt tax refund. The Notice set August 1, 2005, as the claims bar date.

On December 7, 2005, State Farm, as a subrogee of Utsey, filed suit against Debtor and Driver for negligent entrustment. On December 16, 2005, Debtor's counsel informed State Farm of Debtor's bankruptcy. On that same day, State Farm ran a query of the case through PACER and verified the Debtor's bankruptcy filing and case status.

Debtor answered the State Farm state court complaint but did not assert her bankruptcy discharge as a defense. However, later, Debtor sought leave of the state court to assert the 2004 discharge a defense.

On March 24, 2006, the Trustee made distribution to creditors.

On January 5, 2007, Debtor filed an adversary proceeding against State Farm asking that the court find that State Farm's claim had been discharged. Debtor filed a Motion for Summary Judgment ("Motion"). State Farm filed a Cross-Motion for Summary Judgment ("Cross-Motion"). On August 30, 2007, the bankruptcy court entered its order denying Debtor's Motion, and granting State Farm's Cross-Motion. On September 11, 2007, the bankruptcy court entered its judgment on the Order.

Debtor filed Plaintiff's Motion for Reconsideration and/or Clarification on Order of Summary Judgment and Request for Expedited Ruling on September 8, 2007. In the Motion for Reconsideration, the Debtor asked that the court amend the order to find that there was a material issue of fact for an evidentiary hearing or alternatively, to make a finding that the Debtor knew that State Farm was a potential claimant.

On October 1, 2007, the Debtor filed a notice of appeal.

On October 9, 2007, the court entered an Order denying in part and granting in part the Motion for Reconsideration. The court concluded that the Debtor knew the name of State Farm for the purpose of listing it on her schedules. The court denied the Motion to the extent that it asked to further amend the order for the purpose of setting an evidentiary hearing.

This appeal timely followed. The parties have consented to this Court's jurisdiction because they did not elect to have the appeal heard by the United States District Court for the District of Colorado.

28 U.S.C. § 158(c)(1); Fed. R. Bankr.P. 8001; 10th Cir. BAP L.R. 8001–1.

## II. Discussion

The Bankruptcy Code provides for summary judgment through Federal Rule of Bankruptcy Procedure 7056, which adopts Federal Rule of Civil Procedure 56. Summary judgment is appropriate when, after consideration of the record, including the moving papers and affidavits, the court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant has the burden of establishing that summary judgment is appropriate. *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir.1995). A genuine issue of material fact will exist when a nonmovant presents facts upon which a reasonable jury could find in favor of the nonmovant. *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir.1997). We review a grant of summary judgment de novo and evaluate the record in the light most favorable to the opposing party. *Phelps v. Hamilton*, 122 F.3d 1309, 1317–18 (10th Cir.1997). If no genuine issue of material fact is in dispute, we must decide whether the bankruptcy court correctly applied the law. *Id.* at 1318.

At issue here is the bankruptcy court's finding that § 523(a)(3)(A) precluded the Debtor's discharge of State Farm's unlisted claim. The Debtor argues that the bankruptcy court misapplied § 523(a)(3)(A) because State Farm had actual knowledge of her bankruptcy in time to file a claim and receive a distribution under § 726(a)(2)(C) because funds had not yet been distributed by the trustee although the claims bar date had passed. Alternatively, she contends that the bank-

ruptcy court erred because there was a disputed issue of fact concerning her knowledge of State Farm's claim.

■ Pursuant to § 727(b), a party will receive a discharge from all debts that arose before the date of the order for relief under Chapter 7 and on any liability on a claim that is determined under § 502 unless a § 523(a) exception applies. Under 523(a)(3)(A) a discharge under section 727 does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing[.]

■ First, the Debtor focuses on subsection (A) of this statute. The Debtor argues that § 523(a)(3) does not apply to this case because subsection (A) provides an exception to the applicability of the rest of the statute; specifically, with certain exceptions not relevant here, under subsection (A) a creditor cannot argue a debt is nondischargeable if the creditor had actual notice of the bankruptcy in time to timely file a claim. The Debtor argues that State Farm could have timely filed a claim because distribution of discovered assets had not yet occurred. Debtor bases this argument on the premise that § 523(a)(3)(A) must be read in tandem with § 726(a)(2)(C).

Section 726(a)(2)(C) provides that an estate shall make a distribution on a tardily filed unsecured claim if the creditor did not get notice of the bankruptcy in time to timely file the claim under section 501(a) and proof of such claim is filed in time to permit payment. According to the Debt-

or, because State Farm had knowledge of the bankruptcy in December 2005 and the assets were not distributed until March 2006, State Farm had actual notice in time to file a claim under § 726(a)(2)(C) and should have filed a claim. The Debtor contends that because State Farm did not file such a claim, it is now barred from arguing that the debt is nondischargeable under § 523(a)(3)(A).

This approach to § 523(a)(3)(A) focuses on whether a party has the opportunity to participate in a distribution rather than the claims bar date ("distribution approach"). The distribution approach was first articulated in *Lott Furniture, Inc. v. Ricks (In re Ricks)*, 253 B.R. 734 (Bankr. M.D.La.2000), and adopted by *Kowalski v. Romano (In re Romano)*, 59 Fed.Appx. 709 (6th Cir.2003). According to these courts, if a party can participate in the distribution, the claims bar date is irrelevant. Few courts have followed the distribution approach.

In contrast, other courts have followed a plain language approach. These courts focus on the actual wording of § 523(a)(3)(A), namely the phrase stating that a creditor must have "actual knowledge of the case in time for such timely filing." The bankruptcy court reviewed these cases and Tenth Circuit cases and determined that the plain language approach controlled. We agree.

■ The Supreme Court has stated: "(t)he plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (internal quotation marks omitted). As we have previously stated, the plain language of § 523(a)(3)(A) is conclusive. *Dawson v. Unruh (In re Dawson)*, 209 B.R. 246, 250 (10th Cir. BAP 1997)

(concluding that under § 523(a)(3)(A), if there is a claims bar date and a creditor does not have actual notice and time to file a proof of claim prior to the expiration of the claims bar date the debt is not discharged and equitable considerations do not apply because they cannot override the statute's plain language). "[W]here, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *Ron Pair*, 489 U.S. at 241, 109 S.Ct. 1026 (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)).

■ In this case, a claims bar date was set. There is no evidence in the record before us that State Farm had actual notice of the bankruptcy case prior to the expiration of the claims bar date. The Debtor produced no evidence that the literal application of § 523(a)(3)(A) is at odds with the literal application of § 726(a)(2)(C). One section governs the consequences for a debtor's failure to schedule a claim of which she has knowledge; the other section governs distribution of assets. The bankruptcy court did not err in finding that State Farm lacked actual notice so as to permit the timely filing of a proof of claim.

■ Alternatively, the Debtor argues that the issue of her knowledge of State Farm's claim was a disputed issue of material fact that should have precluded summary judgment. The substantive law determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Pursuant to § 523(a)(3), a debtor has a responsibility to list claims only if *known* (emphasis added). Therefore, the Debtor's knowledge is a material fact. Here, Debtor argues that she did not know of State Farm's claim until State Farm filed its state court case.

State Farm argues that the only evidence presented by the Debtor that she

did not have knowledge of State Farm's claim was a single statement in her summary judgment Motion. *Motion* at 6, ¶ 1, *in* Appellant's Appendix at 24. Because the Motion itself is not evidence but argument, State Farm contends that there is no evidence on the record that the Debtor did not know of its claim and that therefore, it is uncontroverted that the agent who spoke to the Debtor "usually" mentioned that State Farm had a claim in the course of his investigations. Although the Investigator did not specifically record the relevant conversation in his notes, he stated in his affidavit that it was his practice to tell people in the Debtor's position that the insurance company believed it had a claim against them.

Agreeing with State Farm, the bankruptcy court found that the Debtor did not produce any affidavit or other document to rebut the Investigator's statements, and therefore, the court was obligated to accept State Farm's version of the facts as true.

■ We respectfully disagree with the bankruptcy court's characterization of the record. While the Debtor's response to the Cross–Motion does not focus on whether she knew of the claim, the record does contain evidence that puts that issue in controversy. The Debtor's summary judgment Motion proffers evidence of her lack of knowledge of the claim. Attached to the Debtor's Motion is the Debtor's affidavit, which had been taken on December 1, 2006, for the state court trial. In that affidavit, the Debtor swears in paragraph 10:

> At the time I filed for bankruptcy on September 16, 2004, or by the time my bankruptcy was discharged on December 22, 2004, I had received no notice and was not aware that State Farm Mutual Insurance Company was asserting a claim against me.

*Exhibit A to Motion* at 2, ¶ 10, *in* Appellant's Appendix at 31. This statement controverts State Farm's statement to the contrary and is, as previously observed, material. "On a motion for summary judgment we cannot evaluate credibility nor can we weigh evidence." *Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 533 (10th Cir.1994). In light of evidence in the record that the Debtor disputed her knowledge of State Farm's claim, we conclude that the bankruptcy court erred when it granted State Farm's Cross–Motion for summary judgment.

### III. Conclusion

For the reasons set forth above, we AFFIRM the bankruptcy court in its conclusion that the plain language of § 523(a)(3)(A) controls the interpretation of that statute. Because the record before us indicates that the issue of the Debtor's knowledge of State Farm's claim was disputed, we REVERSE and REMAND for proceedings consistent with this Opinion.